# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CANBERRELA KAY COOLEY,**

    Plaintiff,

    v.                                           **CIVIL ACTION NO. 2:10-CV-76 (BAILEY)**

**COMMISSIONER OF
SOCIAL SECURITY,**

    Defendant.

## ORDER

On February 25, 2011, Magistrate Judge John S. Kaull filed his Report and Recommendation (R&R) (Doc. 21) in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed her objections (Doc. 22) on March 10, 2011. This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Kaull in his R&R. This Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to this case.

Upon consideration of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his R&R. Plaintiff's underlying argument is that the three jobs identified by the vocational expert as examples of jobs she can perform were office helper, private mail clerk or sewing machine operator, and that the description of these jobs in *the Dictionary of Occupational Titles* (DOT) was not consistent with her limitations as found by the ALJ. In

her objections to the R&R, the plaintiff argues that the Magistrate Judge only addressed her arguments of inconsistencies with regard to office helper, and not to the remaining two jobs. This Court finds, upon a review of everything before it, that the Magistrate Judge made sufficient findings such that a review of plaintiff's arguments with regard to each of the three jobs was not necessary. More particularly, the Magistrate Judge found that the ALJ satisfied his duty by asking the vocational expert if his testimony was inconsistent with the DOT, that there were no apparent inconsistencies, and that the plaintiff did not bring any conflicts to the ALJ's attention. The Magistrate Judge further noted that the plaintiff did not bring any inconsistencies to the attention of the Appeals Council, which provided further evidence that there were no apparent inconsistencies. The plaintiff does not appear to object to the Magistrate Judge's finding that there is no actual inconsistency between the job of office helper and the DOT, and this Court agrees with the Magistrate Judge's finding that no further evaluation is necessary.

Accordingly, as more fully set forth in the Magistrate Judge's R&R, this Court finds that the Commissioner's decision that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's R&R (Doc. 21) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 17) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 12) shall be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the decision for the defendant is **AFFIRMED**, and that his civil action

is **DISMISSED** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: March 16, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE